UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEITH CAVANAUGH, | Case No. 2:18-CV-379 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| SAFECO INSURANCE COMPANY OF ILLINOIS, | |
| Defendant(s). | |

Presently before the court is the matter of *Cavanaugh v. Safeco Insurance Company of Illinois*, case number 2:18-cv-00379-JCM-NJK.

**I.  Facts**

This action arises from Cavanaugh's automobile insurance claim against his insurer, Safeco. (ECF No. 11). Cavanaugh alleges that on December 20, 2016, an uninsured motorist struck him with an Infiniti Q45. *Id*. The first amended complaint asserts that Cavanaugh incurred bodily injuries, loss of earning capacity, physical impairment, and pain and suffering, but does not provide details about the nature of these injuries. *Id*.

Cavanaugh further alleges that at the time of the collision he had an automobile insurance policy with Safeco, which provided uninsured/underinsured motorist insurance coverage. *Id*. Cavanaugh claims to have demanded from Safeco the $100,000.00 policy limit in order to cover the damages that he incurred as a result of the collision. *Id*. After receiving Cavanaugh's medical records, which showed that his medical bills totaled $12,933.20, Safeco allegedly responded with a settlement offer in the amount of $13,045.00. *Id*.

**James C. Mahan**
**U.S. District Judge**

On January 17, 2018, Cavanaugh initiated this action in state court. (ECF No. 1-1). On March 1, 2018, Safeco removed this action to federal court. (ECF No. 1).

On March 28, 2018, Cavanaugh filed a first amended complaint, which asserts four causes of action: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; and (4) violation of the Nevada Unfair Claims Practices Act, NRS 686A.310. (ECF No. 11).

**II.     Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

**III.    Discussion**

28 U.S.C. § 1332 allows federal courts to exercise diversity jurisdiction in civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). "In determining the amount in controversy, courts first look to the complaint.

Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Invests., Inc.* 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). At the time of removal, parties may submit supplemental evidence to show that the amount in controversy in in excess of $75,000.00. *Id.* (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

According to the first amended complaint, Cavanaugh has incurred total damages in excess of $15,000.00, which includes $12,933.20 in medical bills. (ECF No. 11). Moreover, Safeco's petition for removal does not include any additional evidence regarding the extent Cavanaugh's alleged damages. *See* (ECF No. 1). As the figures in the first amended complaint are well below the amount in controversy threshold under § 1332, the court will remand this case to state court for lack of subject matter jurisdiction.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Safeco's motion to dismiss (ECF No. 5) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that Safeco's motion to dismiss the first amended complaint (ECF No. 13) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that Safeco's motion for summary judgment (ECF No. 22) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that the matter of *Cavanaugh v. Safeco Insurance Company of Illinois*, case number 2:18-cv-00379-JCM-NJK, be, and the same hereby is, REMANDED.

The clerk shall close the case accordingly.

DATED December 19, 2018.

_____
UNITED STATES DISTRICT JUDGE